UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 9:14-cv-81601-DIMITROULEAS**

W.A. SOKOLOWSKI, Individually and
Derivatively on Behalf of OCWEN FINANCIAL
CORP.,

    Plaintiff,

v.

WILLIAM C. ERBEY, RONALD M. FARIS,
RONALD J. KORN, WILLIAM H. LACY,
BARRY N. WISH, ROBERT A. SALCETTI,
WILBUR ROSS, JOHN V. BRITTI,
ALTISOURCE PORTFOLIO SOLUTIONS,
S.A., ALTISOURCE RESIDENTIAL
CORPORATION, ALTISOURCE ASSET
MANAGEMENT CORPORATION, and
HOME LOAN SERVICING SOLUTIONS,

    Defendants,

 -and-

OCWEN FINANCIAL CORPORATION, a
Florida Corporation,

    Nominal Defendant.
_____/

**DEFENDANT ALTISOURCE ASSET MANAGEMENT CORPORATION'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Altisource Asset Management Corporation ("AAMC"), files this Reply in support of its Motion to Dismiss [D.E. 74] for lack of personal jurisdiction. Because Plaintiff's consolidated opposition brief [D.E. 82] addresses both AAMC's and Altisource Residential Corporation's ("RESI") Motions to Dismiss [D.E. 74 and 77] in an identical manner, in the interest of judicial economy, AAMC incorporates and adopts RESI's reply [D.E. 87] in full. Plaintiff's claims against AAMC fail for the same four reasons his claims against RESI fail:

1. Plaintiff fails to plead any facts that, if true, would establish that AAMC has done anything in Florida *related to* his asserted claims. Plaintiff points to very limited contact by AAMC in Florida which is wholly unrelated to the alleged Ocwen breaches of fiduciary duty, and Plaintiff is unable (and fails) to connect any of that limited activity to his claims;

2. Plaintiff's group pleading fails the minimum requirements of Rule 8;

3. The Amended Complaint fails to state claims for aiding and abetting and unjust enrichment[1]; and

4. Plaintiff's failure to plead when he acquired the Ocwen stock requires dismissal.

While each of these argument applies with equal force to both RESI and AAMC, *because AAMC's contacts (or lack of contacts) with Florida differ significantly from RESI, the merits of AAMC's Motion [D.E. 74] must be considered independently.* AAMC does not own any real property in Florida. In addition, AAMC does not have an office in Florida; does not maintain a telephone or facsimile number in Florida; does not possess a license to do business in Florida; does not direct the management, operation, or operating policies of any corporation or business in Florida; has never had to pay taxes of any kind to any Florida governmental entity; has no equipment, bank accounts, or assets in Florida; does not advertise for business in Florida; does not own, use, possess, or hold a mortgage or other lien on any real property in Florida; and does not insure any person, property, or risk located in Florida. In fact, a careful review of Plaintiff's tangled allegations shows Plaintiff's jurisdictional argument against AAMC under Florida

---

[1] In his Opposition [D.E. 82, pp. 28-29], Plaintiff argues that he has sufficiently pled an unjust enrichment claim because Ocwen conveyed a benefit on AAMC. However, even if true, the services provided by AAMC to Ocwen are unrelated to any activity in Florida. Plaintiff fails to identify *any* conduct by AAMC -- certainly nothing alleged in the Amended Complaint -- which supports his unjust enrichment claim.

Statute section 48.193(1)(a)1. is based on only two activities AAMC allegedly[2] engaged in within Florida. Specifically, Plaintiff asserts that:

1. AAMC managed certain assets within Florida *from outside the U.S.*; and

2. AAMC *formed* a wholly distinct and independent corporation for its client, RESI, and that the new entity does business in Florida.

[D.E. 82, pp. 9-10].

Importantly, Plaintiff does not allege that either of these activities was wrongful, nor does he show how his claims arise from or are in any way related to this alleged Florida conduct. Absent such a showing, specific jurisdiction does not exist. Moreover, these two activities, even if true, do not "show a general course of business activity in the state" by AAMC. Indeed, courts have rejected jurisdiction under section 48.193(1)(a)(1) as to defendants with more substantial contacts than AAMC. In *Fraser v. Smith,* 594 F.3d 842 (11th Cir. 2010), the Eleventh Circuit rejected jurisdiction where the defendant: (1) solicited business in Florida through advertisements; (2) contracted with Florida companies for insurance and other services; (3) purchased substantial assets from Florida entities; and (4) sent employees to Florida for business purposes. *Id.* at 844-45, 847. And in *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162 (11th Cir. 2005), another panel rejected jurisdiction where the defendant: (1) entered into a contract with a Florida company; (2) performed on that contract from its California offices, which required substantial telephonic and electronic communications into Florida; and (3) had six Florida clients. *Id.* at 1167. *See also Shells & Fish Imp. & Exp. Co. v. Process Eng'g & Fabrication, Inc.*, No. 1:13-CV-23578-UU, 2013 WL 6842804, at *4 (S.D. Fla. Dec. 30, 2013)(same). Bearing in mind that "Florida's long-arm statute is to be strictly construed," *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir. 1996), Plaintiff has failed to show personal jurisdiction exists over AAMC.

## CONCLUSION

For the foregoing reasons, the reasons stated in RESI's reply [D.E. 87] and the reasons stated in AAMC's Motion to Dismiss [D.E. 74], AAMC respectfully requests that the Court dismiss the Amended Verified Complaint [D.E. 25] with prejudice.

---

[2] AAMC did not, in fact, form any corporations or entities for RESI.

2

Dated: August 27, 2015

Respectfully submitted,

 */s/ Dana E. Foster*
Dana E. Foster (FBN 0185469)
Ackerman, Link & Sartory, P.A.
777 S. Flagler Drive, Suite 800 East
West Palm Beach, Florida 33401
Telephone: (561) 838-4100
Facsimile: (561) 838-5305 [fax]
dfoster@alslaw.com

*Counsel for Defendant Altisource Asset Management Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August, 2015, I served the foregoing on all counsel of record on the below Service List via CM/ECF or by electronic mail.

*/s/ Dana E. Foster*
Dana E. Foster

**SERVICE LIST**

| | |
|---|---|
| Richard D. Greenfield<br>Greenfield & Goodman<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>Telephone: (917) 495-4446<br>Facsimile: (917) 745-4158<br>whitehatrdg@earthlink.net<br>*Co-Counsel for Plaintiff W.A. Plaintiff* | Theodore J. Leopold<br>Cohen Milstein Sellers & Toll PLLC<br>2925 PGA Boulevard, Suite 200<br>Palm Beach Gardens, FL 33410<br>Telephone: (561) 515-1400<br>Facsimile: (561) 515-1401<br>tleopold@cohenmilstein.com<br>*Co-Counsel for Plaintiff W.A. Plaintiff* |
| Steven J. Toll<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave. NW, Suite 500<br>Washington, DC 20008<br>Telephone: (202) 408-4600<br>Facsimile: (202) 521-0166<br>stoll@cohenmilstein.eom<br>*Co-Counsel for Plaintiff W.A. Plaintiff* | Richard A. Speirs<br>Cohen Milstein Sellers & Toll PLLC<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Telephone: (212) 838-7797<br>Facsimile: (212) 838-7745<br>rspeirs@cohenmilstein.com<br>*Co-Counsel for Plaintiff W.A. Plaintiff* |
| Daniel B. Rehns<br>Cohen Milstein Sellers & Toll, PLLC<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Telephone: (202) 838-7797<br>Facsimile: (212) 838-7745<br>drehns@cohenmilstein.com<br>*Co-Counsel for Plaintiff W.A. Plaintiff* | Jason M. Moff<br>John P. Coffey<br>Kramer Levin Naftalis & Frankel, LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9913<br>Facsimile: (212) 715-8000<br>jmoff@kramerlevin.com<br>scoffey@kramerlevin.com<br>*Co-Counsel for Defendants William C. Erbey, Ronald M. Faris, Ronald J. Korn, William H. Lacy, Barry N. Wish, Robert A. Salcetti, and Ocwen Financial Corporation* |
| Jonathan M. Wagner<br>Kramer Levin Naftalis & Frankel, LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9913<br>Facsimile: (212) 715-8000<br>jwagner@kramerlevin.com<br>*Co-Counsel for Defendants William C. Erbey, Ronald M. Faris and Ocwen Financial Corporation* | Jeffrey A. Hirsch<br>Greenberg Traurig<br>401 E. Las Olas Boulevard, Suite 2000<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 765-0500<br>Facsimile: (954) 765-1477<br>hirschj@gtlaw.com<br>*Co-Counsel for Defendants William C. Erbey, Ronald M. Faris, Ronald J. Korn, William H. Lacy, Barry N. Wish, Robert A. Salcetti, and Ocwen Financial Corporation* |

| | |
|---|---|
| Charles H. Lichtman<br>Anthony J. Carriuolo<br>Berger Singerman LLP<br>Las Olas Centre II<br>350 E Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, FL  33301<br>Telephone:  (954) 525-9900<br>Facsimile:  (954) 523-2872<br>clichtman@bergersingerman.com<br>acarriuolo@bergersingerman.com<br>*Co-Counsel for Defendants Ronald J. Korn, William H. Lacy, Barry N. Wish, Robert A. Salcetti and Wilbur L. Ross, Jr.* | Jonathan D. Polkes<br>Stephen A. Radin<br>Adam J. Bookman<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY  10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>jonathan.polkes@weil.com<br>stephen.radin@weil.com<br>adam.bookman@weil.com<br>*Co-Counsel for Defendant Home Loan Servicing Solutions, Ltd.* |
| Edward Soto<br>Weil, Gotshal & Manges LLP<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL  33131<br>Telephone: (305) 577-3100<br>Facsimile: (305) 374-7159<br>edward.soto@weil.com<br>*Co-Counsel for Defendant Home Loan Servicing Solutions, Ltd.* | Jeffrey B. Crockett<br>Coffey Burlington, P.L.<br>2601 S. Bayshore Drive, PH<br>Miami, FL  33131<br>Telephone:  305-858-2900<br>Facsimile:  305-858-5261<br>jcrockett@coffeyburlington.com<br>*Co-Counsel for Defendant Altisource Residential Corp.* |
| Joseph De Simone<br>Matthew D. Ingber<br>Niketa K. Patel<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY  10020<br>Telephone:  212-506-2500<br>Facsimile:  212-849-5559<br>jdesimone@mayerbrown.com<br>minger@mayerbrown.com<br>npatel@mayerbrown.com<br>*Co-Counsel for Defendant Altisource Residential Corp.* | Dana E. Foster<br>Ackerman, Link & Sartory, P.A.<br>777 South Flagler Drive, Suite 800 East<br>West Palm Beach, FL  33401<br>Telephone:  561-838-4100<br>Facsimile:  561-838-5305<br>dfoster@alslaw.com<br>*Counsel for Defendant Altisource Asset Management Corp.* |

10C5451