UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In Re:<br><br>OCWEN DERIVATIVE ACTION LITIGATION | Civil Case No. 14-CV-81601-WPD-LSS |

**DEFENDANTS KORN, LACY, WISH, SALCETTI AND ROSS MOTION TO DISMISS
CONSOLIDATED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

**BERGER SINGERMAN, LLP**
Charles H. Lichtman
Florida Bar No. 501050
clichtman@bergersingerman.com
Anthony J. Carriuolo
Florida Bar No. 434541
acarriuolo@bergersingerman.com
350 E. Las Olas Blvd., Suite 1000
Ft. Lauderdale, FL 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872

*Attorneys for Defendants Korn, Lacy, Wish,
Salcetti & Ross*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

I.      OCWEN'S MOTION TO DISMISS BASED UPON THE SPECIAL LITIGATION COMMITTEE REPORT SUPERCEDES THIS AND ALL OTHER MOTIONS ..................................................................................... 1

II.    SUBSTANTIVE DEFICIENCIES EXIST AS TO EACH COUNT .................... 2

      (a)    The Standard on a Motion to Dismiss Under Rule 12(b)(6)...................... 2

      (b)    The Complaint is Legally Insufficient and Lacks Facts to Sustain Any of the Claims ................................................................................... 4

      (c)    Incorporating All Facts Into Every Count Alone Justifies Dismissal of the Complaint ..................................................................................... 7

      (d)    Plaintiffs Have Failed to Meet This District's Group Pleading Standard ...................................................................................................... 7

      (e)    Count I Alleging a Violation of §14(a) of the Exchange Act Fails to State a Claim for Relief in this Derivative Action................................. 8

            i.     Plaintiffs Have Failed to Establish Their Standing to Bring This Claim........................................................................... 9

            ii.    The Complaint Fails to Plead the Elements of a Section 14(a) Claim ................................................................... 10

      (f)    The Remaining Counts of the Complaint Directed Against the Director Defendants Are Addressed in the SLC Report......................... 13

III.   CONCLUSION................................................................................................. 14

CERTIFICATE OF SERVICE .................................................................................... 15

SERVICE LIST ........................................................................................................... 16

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Am. Dental Ass'n v. Cigna Corp.,*
    605 F.3d 1283 (11th Cir.2010) ................................................................. 3

*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)......................... 3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)...................... 2, 3

*Bruhl v. Convoy,*
    2007 WL 983228, *3 (S.D. Fla. March 27, 2007) ................................. 8

*Chaparro v. Carnival Corp.,*
    693 F.3d 1333 (11th Cir.2012) ................................................................. 3

*Holmes v. Baker,*
    166 F. Supp. 2d 1362 (S.D. Fla. 2001) .................................................. 8

*Jacobs v. Airlift International, Inc.,*
    440 F. Supp. 540 (S.D. Fla. 1977) ................................................ 9, 10, 11

*Klaus v. Hi-Shear Corporation,*
    528 F. 2d 225 (9th Cir. 1975) .......................................................... 9, 10

*McKenzie v. E.A.P. Management Corp.,*
    1998 WL 657524 (S.D. Fla. July 27, 1998)........................................... 7

*Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance,*
    304 F.3d 1076 (11th Cir.2002) .............................................................. 3

*Mills v. Electric AutoLite,*
    396 U.S. 375, 90 S. Ct. 375 (1970)...................................................... 11

*Murdeshwar v. Search Media Holdings Ltd.,*
    2011 WL 7704347 (S.D. Fla. August 8, 2011)...................................... 8

*Pegasus Wireless Corp Sec. Litigation,*
    657 F. Supp. 2d 1320 (S.D. Fla. 2009) ................................................ 8

*Phillips v. Scientific-Atlanta, Inc.,*
    374 F. 3d 1015 (11th Cir. 2004) ........................................................... 7

*Schlick v. Penn-Dixie Cement Corporation,*
    507 F.2d 374, 380 (2d Cir. 1974) ................................................................ 12

*Sprint Comms. Co v. APCC Servs.*
    554 U.S.  269 (2008) ...................................................................................... 9

*Summers v. Earth Island Institute,*
    555 U.S. 488 (2008) ....................................................................................... 9

*Susan B. Anthony List v. Driehaus,*
    134 S. Ct. 2334 (2014) ................................................................................... 9

*Virginia Bankshares, Inc. v. Sandberg,*
    501 U.S. 1083, 111 S. Ct. 2749 (1991) .......................................................... 9

**Statutes**

Fla. Stat. §607.07401 ........................................................................................... 1

Fla. Stat. §607.07401(3) .................................................................................. 1, 2

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................. 1, 2

Fed. R. Civ. P. 23.1 ........................................................................................ 1, 9

Fed. R. Civ. P. 8 ............................................................................................. 1, 2

Fed. R. Civ. P. 9(b) ........................................................................................ 1, 2

**Other References**

17 C.F.R. § 240.14a-9 .................................................................................. 8, 11

Fla. Std. Jury Instr. (Civ.) 6.5 ........................................................................ 10

**DEFENDANTS KORN, LACY, WISH, SALCETTI AND ROSS MOTION TO DISMISS CONSOLIDATED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

Defendants Ronald J. Korn ("Korn"), William H. Lacy ("Lacy"), Barry N. Wish ("Wish"), Robert A. Salcetti ("Salcetti"), and Wilbur R. Ross ("Ross") (hereafter collectively, the "Director Defendants"), through their undersigned counsel, move to dismiss Plaintiffs' Consolidated Verified Shareholder Derivative Complaint [DE 143] pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(6) and 23.1, and state:

I.  **OCWEN'S MOTION TO DISMISS BASED UPON THE SPECIAL LITIGATION COMMITTEE REPORT SUPERCEDES THIS AND ALL OTHER MOTIONS.**

Defendants Korn, Lacey, Wish, Salcetti and Ross are each directors of defendant Ocwen Financial Corporation ("Ocwen"), who have been sued in this derivative action for a wide range of alleged wrongful activities that allegedly occurred in their capacity as directors of Ocwen. Preceding this lawsuit, Plaintiffs issued a formal statutory demand upon Ocwen pursuant to Fla. Stat. §607.07401, respecting the alleged wrongdoing of not just the Director Defendants, but also for the conduct of certain of Ocwen's officers, other directors and related companies. Thereafter, a Special Litigation Committee ("SLC") was formed by Ocwen's Board of Directors, who with independent counsel, conducted an extensive review of the relevant facts and appropriate law respecting the Plaintiffs' alleged claims. The SLC recently completed its work, producing a 209 page detailed report ("SLC Report"). The report has concluded that proceeding with this lawsuit is not in the best interest of Ocwen and its shareholders.

Given this, Fla. Stat. §607.07401(3) is relevant and provides in pertinent part:

> The court may dismiss a derivative proceeding if, on motion by the corporation, the court finds that one of the groups specified below has made a determination in good faith after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation.

1

Thus, §607.07401(3) provides that standing for bringing a motion to dismiss this case on the derivative basis rests exclusively with Ocwen, not the Director Defendants.  Indeed, Ocwen has filed its Motion to Dismiss (D.E. 160) relying upon the SLC Report findings, which has been filed under seal.  Rather than restate chapter and verse the extensive historical background behind the creation, investigation, work product and independence of the SLC, the Director Defendants adopt all such arguments as provided in Ocwen's Motion to Dismiss.  The Director Defendants therefore submit that this Court must first consider Ocwen's motion before review of any other of the Defendants' pending motions to dismiss, and determine whether or not this case should be dismissed on the threshold issues raised by Ocwen.  Should the Court concur with Ocwen's motion, then there will be nothing left for the Court to decide, and this and the other pending motions to dismiss become moot and this case should be dismissed in its entirety.  The Director Defendants believe that is the right result for this lawsuit, based upon the facts and the law.

Notwithstanding the Director Defendants' position as stated in the foregoing paragraph, the Director Defendants move to dismiss the Complaint, pursuant to  Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6), purely as a precautionary measure, to assure that legitimate substantive arguments as to the insufficiency of various counts of the Complaint are not waived.

## II.       SUBSTANTIVE DEFICIENCIES EXIST AS TO EACH COUNT.

### (a)       The Standard on a Motion to Dismiss Under Rule 12(b)(6).

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, (2007); *see Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct.

1937, (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678, (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir.2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance,* 304 F.3d 1076, 1084 (11th Cir.2002). Upon engaging in this analysis, a court should deny a motion to dismiss where the pleading asserts non-conclusory, factual allegations, that, if true, would push the claim "across the line from conceivable to plausible." *Iqbal,* 556 U.S. at 680, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955) (quotation marks omitted); *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir.2010) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955) (explaining that allegations in a complaint "must ... contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). A claim is facially plausible when the plaintiff's factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

As described in detail below, this Complaint does not (1) comprise a short and plain statement of the claim as required by Rule 8(a)(2); (2) provide more than labels and conclusions,

contrary to the clear rules of *Iqbal* and *Twombly*, and (3) give the Court a plausible basis to reasonably infer the Director Defendants are liable for the alleged misconduct.

**(b)**   **The Complaint is Legally Insufficient and Lacks Facts to Sustain Any of the Claims.**

The Court already knows that the Plaintiffs have derivatively sued Ocwen, its directors, officers and related Ocwen entities for alleged conduct that purportedly damaged Ocwen and its shareholders.   But despite a Complaint containing 140 pages and 341 paragraphs of factual allegations leading up to the various legal counts, incredibly, as it pertains to the Director Defendants, no facts have been pled specifically indicating what illegal acts were committed by each individual Director Defendant.   Further, prima facie elements of the various claims were pled incorrectly.   This sounds like an exaggerated and bold statement.   It is not, and the Director Defendants will walk the Court through the Complaint, and its deficiencies.

The facts pled in the Complaint against the Director Defendants fall into two categories. The first group of facts conclusorily simply state that: (i) the Director Defendants signed the 2012 10-K (Compl.¶130) and 2013 10-K (Compl.¶173), although notably, there is no allegation that the Director Defendants signed Sarbanes-Oxley certifications, and (ii) upon information and belief, the Director Defendants personally approved the content of the 2013, 2014 and 2015 proxy statements.   Completely absent from the entire Complaint is a single pled fact alleging individual conduct tying any Director Defendant to alleged improprieties within those annual filings.   There are no allegations that identify the Director Defendants' individual responsibilities or alleged bad acts, including their involvement or knowledge of a single issue discussed in the proxies or the 10-K's. The absurd inference the Plaintiffs would ask the Court to accept from the Complaint with all of its inspecificity, is that merely because the Director Defendants signed the

4

10-K's and proxies, that they must be liable for anything and everything negative that happened at Ocwen.

The second set of paragraphs referencing the Director Defendants include conclusory "group pleading" allegations that the Director Defendants (i) knew of the questionable business practices complained of by Plaintiffs along with all mandatory regulatory and legal requirements for servicing mortgage loans and ongoing governmental investigations (Compl.¶'s 23, 226); (ii) owed Ocwen and its stockholders various fiduciary duties (Compl.¶222) and a duty of "good faith and diligence in the administration of the affairs of the Company" (Compl.¶223), and (iii) were each members of committees at Ocwen, including the Audit, Compliance, Nomination/Governance, and the Compensation Committees.  Again, as to this group of facts, there are no allegations about what any Director Defendant did with respect to any of the alleged wrongful acts pled in the Complaint, except for merely, their signing of 10-K's and proxies.

As an example, as to the various Ocwen committees upon which the Director Defendants served, the Plaintiffs only pled the name(s) of the respective committee(s) of which the Director Defendant was a member, the purpose and responsibility of the Committee, and that the Director Defendants breached their fiduciary duty.  In this 19 page, 37 paragraph section of the Complaint, starting at page 101, Plaintiffs made no effort to plead anywhere what each Director Defendant individually did wrong in his respective committee work, much less <u>any</u> appropriate state of mind allegations, arguably required under Rule 9(b), which covers not only pleading fraud with specificity, but also "mistake" and at least, pleading a general statement about a person's state of mind, including malice, intent and knowledge.

As another example of vague and poor pleading in the midst of this committee section of the Complaint, at paragraphs 265 and 266, Plaintiffs discuss Ocwen's Corporate Governance Guidelines.  Then, at paragraph 267, Plaintiffs conclusorily plead:

> Each of the Individual Defendants breached the Company's Corporate Governance Guidelines by, *inter alia,* **their <u>participation and acquiescence in the wrongdoing</u> alleged herein, failing to implement sufficient internal controls to prevent and/or minimize the alleged wrongdoing and failing to adequately and objectively investigate with independent counsel the alleged wrongdoing** and remove those responsible in the face of the of numerous and ongoing investigations and lawsuits.  All members of Ocwen's Board have failed **and are currently failing** to fulfill such responsibilities. (Emphasis provided.)

But nowhere prior or subsequent in the Complaint do Plaintiffs plead facts to support their above conclusion that the Director Defendants participated and acquiesced in wrongdoing. This allegation, from a pleading standpoint and in reality, is simply unsupportable, egregious, and made in bad faith.  The same holds true with respect to above alleged failure of the Director Defendants to investigate wrongdoing with independent counsel, to which no statute or other obligation was identified, much less existing.

Similarly, in pages 41 to 90 of the Complaint, the Plaintiffs allege wrongdoing about "The Related-Party Transactions."  Again, however, neither the Director Defendants individually or collectively are even referenced by their name or collectively by the defined term as Directors, although this "Related Party Transaction" set of facts comprises 50 pages of the Complaint.

The foregoing factual pleading deficiencies are important, because a complaint's factual allegations are supposed to foundationally support the prima facie elements for each legal claim, being the counts of the complaint.  At best, the counts present jumbled allegations as to what legal claims might exist, but without alleging the supporting facts.  This Complaint simply does not tell the Director Defendants what they have allegedly each done wrong and why they are being sued.

6

**(c)      Incorporating All Facts Into Every Count Alone Justifies Dismissal of the Complaint.**

Every count throughout the Complaint starts with "Plaintiffs repeat and re-allege each and every allegation contained above as if fully set forth herein."  It is fundamental that when pleading a Complaint, a plaintiff cannot reallege and incorporate all of the facts on top of each other in every count.  Having done that, the Complaint leaves the Director Defendants unable to discern what facts truly apply to each claim. As *this* Court said in *McKenzie v. E.A.P. Management Corp.,* 1998 WL 657524 (S.D. Fla. July 27, 1998):

> "…where myriad factual allegations and legal theories are often consolidated into a single count, or into one set of 'general allegations' which, in turn, is incorporated by reference wholesale into every count of the complaint. [Such] "shotgun" pleading imperils fundamental principles of due process.

According to Westlaw, the above proposition of law from this case has been cited 88 times.  Accordingly, the Director Defendants see no need to provide a string citation here.

**(d)      Plaintiffs Have Failed to Meet This District's Group Pleading Standard.**

The "group pleading doctrine" allows a plaintiff to impute a company's public filings or other group published information to those individuals involved in the day to day operations of a company.  *Phillips v. Scientific-Atlanta, Inc.,* 374 F. 3d 1015 (11th Cir. 2004).  Although the Court in *Phillips* described the group pleading doctrine in its opinion, it declined to rule on the applicability of the doctrine in that case, because the plaintiff had pled factual allegations "amply linking each defendant to his alleged violation," *Id.* at 1019.  However, this district has ruled on how to apply the group pleading doctrine in motions to dismiss.

In this Court, plaintiffs can attribute allegedly false statements to defendants via group pleading so long as plaintiffs also "make the specific factual allegation that [defendant], due to his 'high ranking position and direct involvement in the everyday business of the Company,' was

'directly involved in controlling the content of the statements at issue." *Murdeshwar v. Search Media Holdings Ltd.,* 2011 WL 7704347 (S.D. Fla. August 8, 2011); *Pegasus Wireless Corp Sec. Litigation,* 657 F. Supp. 2d 1320, 1325 (S.D. Fla. 2009) (citing *Bruhl v. Convoy,* 2007 WL 983228, *3 (S.D. Fla. March 27, 2007)); *Holmes v. Baker,* 166 F. Supp. 2d 1362, 1374 (S.D. Fla. 2001).

But, consistent with what Judge Ungaro found in *Murdeshwar,* no allegations in the Complaint plead the Director Defendants role in working on the subject documents, and their ability and power to control the contents of the subject documents, which in that case, were proxies. *12, *13.  Rather, Plaintiffs branded the Director Defendants with virtually all alleged wrongdoing, collectively lumping their conduct together shotgun style, by using the defined terms of "Individual Defendants" and "Director Defendants" in alleging supposed defects in the proxies.  *Murdeshwar* also rejected conclusory allegations that defendants who are directors could be culpable simply because, i.e. in *Murdeshwar* (and the case at bar), certain directors sat on the audit committee, without identifying exactly what work they did on that committee. *Id.* at *13.  And, that is exactly how Plaintiffs have pled their claims in this Complaint, when they conclusorily pled the Director Defendants' involvement in committees at paragraphs 248 to 284, as discussed above.

       **(e)**    <u>**Count I Alleging a Violation of §14(a) of the Exchange Act Fails to State a Claim for Relief in this Derivative Action.**</u>

Count I purports to assert a claim for alleged misstatements or omissions in various proxies provided to Ocwen stockholders. In essence, the heart of a section 14(a) claim and its corresponding administrative regulation, 17 C.F.R. § 240.14a-9 (Rule 14a-9), is to prohibit soliciting proxies "by means of materially false or misleading statements." *Virginia Bankshares,*

*Inc. v. Sandberg,* 501 U.S. 1083, 1087, 111 S. Ct. 2749 (1991).   For numerous reasons, stated below, Plaintiffs fail to state a section 14(a) cause of action.

> **i.    Plaintiffs Have Failed to Establish Their Standing to Bring This Claim.**

Plaintiffs lack Constitutional standing to bring this case.  In *Summers v. Earth Island Institute,* 555 U.S. 488, 493 (2008) and *Sprint Comms. Co v. APCC Servs.,* 554 U.S.  269, 273-74 (2008),  the United States Supreme Court stated that Constitutional standing is satisfied by: (1) an **"injury in fact"** (i.e. harm that is concrete and actual or imminent, not merely conjectural or hypothetical), **causation** (a fairly traceable connection between the plaintiff's injury and the defendant's alleged conduct, and (3) **redressability** (the likelihood that the requested relief will remedy the alleged injury).  These requirements ensure that a plaintiff has a sufficiently personal stake in the outcome of the suit, so that the parties are adverse.  *Susan B. Anthony List v. Driehaus,* 134 S. Ct. 2334 (2014).  The Director Defendants show below how none of the three elements required by the Supreme Court to establish Constitutional standing have been pled or even inferentially exist in the Complaint.

First, as it pertains to the Complaint's Section 14(a) cause of action,  no facts have been pled that establish Plaintiffs Sokolowski, Hutt and Lowinger have standing to bring this claim. *Jacobs v. Airlift International, Inc.,* 440 F. Supp. 540 (S.D. Fla. 1977) is instructive.  In that case, a lawsuit was instituted based upon alleged misleading proxies. It included three counts, all effectively based upon the same claim: (1) for a private claim by the plaintiff pursuant to section 14(a) of the Exchange Act and Rule 14a-9; (2) a class action, and (3) a derivative suit, under Federal Rule 23.1.  Relying upon *Klaus v. Hi-Shear Corporation,* 528 F. 2d 225 (9th Cir. 1975), the Court inquired as to whether or not the plaintiff actually tendered his proxy to the company at the time the stockholder vote in question took place.  The Court held that since the plaintiff did

not grant a proxy, he could not assert a private claim or a class action claim against the company, but only a derivative claim. *Jacobs* at 542, *Klaus* at 232.

In the case at bar, the Plaintiffs have not pled one way or the other whether they issued proxies, and they should be required to do so.   Under *Jacobs*, if the Plaintiffs here did not <u>each</u> issue proxies, then they would have standing to bring Count I.  However, if the Plaintiffs did issue proxies, then Count I would have to be dismissed with prejudice, because the Plaintiffs would not have standing to bring a derivative claim, and no amendment could cure that material defect.  But the Complaint is silent on the point of whether the Plaintiffs in fact issued proxies, despite the fact that the proxies were addressed in 16 paragraphs (from Compl.¶315 through Compl.¶330), in addition to the allegations within Count I.

Making this issue more complicated is that Plaintiffs complain about three separate proxy statements for the years 2013, 2014 and 2015.  Thus, there must be a pleading obligation upon Plaintiffs to address whether or not they issued proxies for each of the years in question.  The result will impact whether Plaintiffs can bring any derivative claims, and not just as to the section 14(a) proxy claim, but all other claims as well.  Moreover, requiring Plaintiffs to plead whether they issued proxies or not for 2013, 2014 and 2015, is directly relevant because perhaps Plaintiffs may have standing for one year, but not for three years.  This argument also ties directly to the 'injury in fact' element described by the Supreme Court, necessary for finding that Plaintiffs have standing in this case.  And, if there is no injury in fact, there is no causation, and it follows, no damage.

### ii.   <u>The Complaint Fails to Plead the Elements of a Section 14(a) Claim.</u>

In its Pattern Jury Instruction 6.5, the Eleventh Circuit has defined the four elements which a plaintiff must prove by a preponderance of the evidence, to establish a claim under

section 14(a) and Rule 14a-9. They include: (1) in soliciting proxies, either through a proxy statement or other written or oral communication, the [named] defendant misstated or omitted material information necessary to prevent the proxy solicitation from being misleading; (2) that the defendant was negligent in making the material misstatement or omission, (3) that the proxy materials were an essential link in the accomplishment of a corporate action or transaction, and (4) the plaintiff suffered actual damages as a proximate result of defendant's wrongful conduct. A plain review of the Complaint shows that none of the factual allegations within paragraphs 315 through 330, nor anywhere in Count I itself, was there any attempt to plead the elements of materiality or damage.

*Jacobs v. Airlift International, Inc.,* 440 F. Supp. 540, 542 (S.D. Fla. 1977) appears to be the initial lead case on section 14(a) claims in the Southern District of Florida that helped developed the law on the prima facie elements of this claim. In *Jacobs,* the plaintiff alleged that false statements in the complaint, "were material in that a reasonable shareholder would consider them important in deciding how to vote" … and that the statements were "an essential link in the accomplishment of the transaction giving rise to this litigation." Analyzing this allegation, Judge King equated the word "transaction" to the subject corporate election that was contested by the plaintiff in the litigation, and held … "this court still cannot find that the plaintiff has alleged that the corporation, on whose behalf he has filed the derivative suit, has suffered injury." *Id.* at 542. Notably, the Court's statement addressing the plaintiff's lack of suffering injury, also supports the Director Defendants' argument immediately above, regarding the Plaintiffs' lack of standing.

Expanding on its rationale, the Court cited to *Mills v. Electric AutoLite,* 396 U.S. 375, 90 S. Ct. 375 (1970):

> "Where there has been a finding of materiality, a shareholder has made a sufficient showing of causal relationship between the violation *and the injury for*

11

*which he seeks redress* if, as here, he proves that **the proxy solicitation itself** rather than the particular defect in the solicitation materials, **was an essential link in the accomplishment of the transaction**." (emphasis in italics in original, emphasis in bold is added) *Id.* at 543.

With this finding, the Court in *Jacobs* held that in order to sustain a section 14(a) complaint, it must contain allegations sufficient to demonstrate both "transaction causation" and "loss causation."   Transaction causation requires a showing "that the violations in question caused the plaintiff to engage in the transaction in question" and "loss causation contemplates a showing that the misrepresentations or omissions caused the harm." *Id.* at 543.  See also, *Schlick v. Penn-Dixie Cement Corporation,* 507 F.2d 374, 380 (2d Cir. 1974).   The Court then tied its ruling together, making clear that *Mills* requires a causal relationship between the violation and the injury, with proof that the proxy solicitation which itself, "rather than some defect within the solicitation was an essential link" in accomplishing the transaction.  *Id.* at 543, *Mills*, supra, at 385.

The Eleventh Circuit's Pattern Jury instruction 6-5, which expressly addresses section 14(a) claims, also supports the notion that transaction causation and damage causation are separate and distinct necessary elements of the claim.  As to transaction causation, the third instruction on proving the elements of Section 14(a) claim provides "[third] that the proxy solicitation was an essential link in the accomplishment of the corporate action or transaction." Then, the instruction states: "[Plaintiff] must prove that the votes of the shareholders who were solicited were required at the time to accomplish the corporate action or transaction, and that without the proxy solicitation, the proposed corporate action or transaction couldn't have been accomplished."

And as to damages, being the fourth element, the instruction provides the plaintiff must prove that "he" suffered damage as a proximate result of the misstatement or omission, which

was a "substantial or significant contributing cause for the loss…"  This means that somehow, somewhere in the instant Complaint, the Plaintiffs must plead their proximate cause damage. They never do so.  At best, all the Plaintiffs plead is, "The Company was damaged and the corporate suffrage process was corrupted as a result of the material misrepresentations and omissions in Ocwen's 2013, 2014 and 2015 Proxy Statements." (Compl.¶350.)

Plaintiffs Complaint neither pleads the elements required of a section 14(a) claims, nor pleads facts that would even fit within these essential elements.  The Complaint comes nowhere close to alleging either transaction causation or damage based proximate causation.  Further, Plaintiffs' limited attempt to plead any materiality at paragraph 349 falls woefully short, because it is nearly verbatim identical to the same phrase Judge King rejected above in Jacobs:

> "The omissions of facts from and the false misleading statements in the 2013, 2014 and 2015 Proxy Statements were material because a reasonable shareholder would have considered them important in deciding how to vote on the various matters set forth in the Proxy Statements for shareholder action, particularly the re-election of Defendants Faris, Korn, Lacy, Wish and Salcetti."

Finally, no 'essential link' facts were pled that draw a causal relationship between the violation and the proxy solicitation itself.  And to make it worse, Plaintiffs' damage was flat out not identified at Complaint paragraph 350, except to state that Ocwen's "corporate suffrage process was corrupted." How this description of damage is quantifiable on a shareholder derivative action is mystifying.  Count I should be dismissed.

**(f)    The Remaining Counts of the Complaint Directed Against the Director Defendants Are Addressed in the SLC Report.**

The Rule 12(b)(6) arguments raised above regarding (i) lack of specificity, (ii) failing to plead a short and plain statement of the claim, (iii) not providing a plausible basis to infer liability, (iv) inappropriate group pleading, and (v) incorporating the facts for the entire Complaint into every count, pertain not just to Count I's Section 14(a) claim, but every other

count in the Complaint that attempts to assert liability against the Director Defendants.  None of the arguments provided herein are addressed in the Ocwen Motion to Dismiss and this motion has raised pleading defect issues not addressed within the SLC Report.  Of course, an SLC Report is not a motion to dismiss.  However, Counts II, IV, VIII and XV (sounding in breach of fiduciary duty, with Count XV directly solely against Defendant Ross), Count VI (contribution), Count VII (unjust enrichment), Count IX (indemnification), Count XIV (inside trading – defendant Ross) are all substantively addressed at length in the SLC Report, both as to a statement of the applicable law, and also, as to how the facts investigated by the SLC comport to the law.

Thus, in addition to the arguments above, for purposes of brevity, the Director Defendants adopt the legal discussion provided in the SLC report pertaining to each of the legal claims pled in the Complaint.  The law on a corporate director's fiduciary duty is stated at pages 42-52 of the SLC Report.  Similarly, the law on unjust enrichment is at page 52, contribution and indemnification is at page 53, and insider trading is at page 54.  Following the SLC Report's statement of law, is a thorough discussion that applies the law to the investigated facts.  As to this Rule 12(b)(6) motion, the Court's review of the SLC Report is appropriate in determining that Plaintiffs' derivative claims could never survive, predicated for instance, upon the substantial weight afforded to the business judgment rule in these type cases.  Thus, the SLC Report in its entirety supports dismissal of the various counts identified above, for failure to state a claim upon which relief can be granted.

## III.      CONCLUSION

WHEREFORE, Defendants Ronald J. Korn, William H. Lacy, Barry N. Wish, Robert A. Salcetti, and Wilbur R. Ross, respectfully ask this Court to dismiss Plaintiffs' Consolidated Verified Shareholder Complaint, and grant other such relief as the Court deems just and

appropriate.

Dated:  May 20, 2016                    **BERGER SINGERMAN, LLP**
*Attorneys for Defendants Korn, Lacy, Wish,*
*Salcetti & Ross*

By: */s/ Charles H. Lichtman*
    Charles H. Lichtman
    Florida Bar No. 501050
    clichtman@bergersingerman.com
    Anthony J. Carriuolo
    Florida Bar No. 434541
    acarriuolo@bergersingerman.com
    350 E. Las Olas Blvd., Suite 1000
    Ft. Lauderdale, FL 33301
    Telephone: (954) 525-9900
    Facsimile: (954) 523-2872

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system upon all parties registered to received electronic notice in this case as reflected on the attached Electronic Mail Notice List on this 20th day of May, 2016.

By: *s/ Charles H. Lichtman*
    Charles H. Lichtman

15

## SERVICE LIST

**W.A. SOKOLOWSKI v. WILLIAM C. ERBEY, et al.**
**CASE NO.  14-CV-81601**

COHEN MILSTEIN SELLERS & TOLL
PLLC
Richard A. Speirs
Daniel B. Rehns
88 Pine Street
14th Floor
New York, NY 10005
212-838-7797
drehns@cohenmilstein.com
rspeirs@cohenmilstein.com

Steven J. Toll
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue, NW, Suite 500
Washington, DC 20008
Email: stoll@cohenmilstein.com

Theodore Jon Leopold
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Email: tleopold@cohenmilstein.com

GREENFIELD & GOODMAN, LLC
Richard D. Greenfield
Marguerite R. Goodman
Ann M. Caldwell
250 Hudson Street
8th Floor
New York, NY 10013
917-495-4446
Fax: 745-4158
Email: whitehatrdg@earthlink.net

*Lead Counsel for Plaintiff William A Sokolowski*

FARUQI & FARUQI, LLP
Stuart J. Guber
sguber@faruqilaw.com
Timothy Peter
tperter@faruqilaw.com
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046

Nadeem Faruqi
nfaruqi@faruqilaw.com
Nine M Varindani
nvarindani@faruqilaw.com
685 Third Avenue, 26th Floor
New York, NY 10017

ABRAHAM, FRUCHTER & TWERSKY
LLP
Jeffrey S. Abraham
jabraham@aftlaw.com
Phillip T. Taylor
ptaylor@aftlaw.com
One Penn Plaza, Suite 2805
New York, NY 10119
Tel. (212) 279-5050

HYNES KELLER & HERNANDEZ, LLC
Michael J. Hynes
mhynes@hkh-lawfirm.com
Ligaya T. Hernandez
lhernandez@hkh-lawfirm.com
Tel. (954) 515-0123

SHEPERD, FINKELMAN, MILLER, et al.
Nathan C. Zipperian
Email: nzipperian@sfmslaw.com
1625 North Commerce Parkway
Suiate 320
Ft. Lauderdale, FL 33326
Tel. 866-300-7367
Fax: 954-515 0124

LAW OFFICES OF DAVID A. BAIN LLC
David Andrew Bain
1050 Promenade II
1230 Peachtree Street NE
Atlanta, GA 30309
Tel. 404-724-9990

VIANALE & VIANALE LLP
Kenneth J. Vianale
kvianale@vianalelaw.com
Julie Prag Vianale
jvianale@vianalelaw.com
5550 Glades Road
Suite 500
Boca Raton, FL 33431
Tel. 561-392-4750
Fax: 561 961-5191

*Attorneys for Plaintiff Helene Mutt*

ABRAHAM, FRUCHTER & TWERSKY
LLP
Jeffrey S. Abraham
jabraham@aftlaw.com
Phillip T. Taylor
ptaylor@aftlaw.com
One Penn Plaza, Suite 2805
New York, NY 10119

Tel. (212) 279-5050

ABRAHAM, FRUCHTER & TWERSKY
LLP
Phillip T. Taylor
ptaylor@aftlaw.com
One Penn Plaza, Suite 2805
New York, NY 10119
Tel. (212) 279-5050

VIANALE & VIANALE LLP
Kenneth J. Vianale
kvianale@vianalelaw.com
Julie Prag Vianale
jvianale@vianalelaw.com
5550 Glades Road
Suite 500
Boca Raton, FL 33431
Tel. 561-392-4750
Fax: 561 961-5191

*Attorneys for Plaintiff Robert Lowinger*

2

KRAMER LEVIN NAFTALIS & FRANKEL, LLP     GREENBERG TRAURIG, LLP
Jason M. Moff                                       Natasha L. Wilson
jmoff@kramerlevin.com                  wilsonn@gtlaw.com
John P. Coffey                                Terminus 200
scoffey@kramerlevin.com               3333 Piedmont Road
Jonathan M. Wagner                     Suite 2500
jwagner@kramerlevin.com             Atlanta, GA 30305
Marjorie E. Sheldon                     Tel.  678-553-2182
msheldon@kramerlevin.com
1177 Avenue of the Americas
New York, NY 10036
Tel.:  212-715-9913

*Attorneys for Defendant William C. Erbey*


KRAMER LEVIN NAFTALIS & FRANKEL, LLP     GREENBERG TRAURIG, LLP
Jason M. Moff                                       Natasha L. Wilson
jmoff@kramerlevin.com                  wilsonn@gtlaw.com
John P. Coffey                                Terminus 200
scoffey@kramerlevin.com               3333 Piedmont Road
Jonathan M. Wagner                     Suite 2500
jwagner@kramerlevin.com             Atlanta, GA 30305
Marjorie E. Sheldon                     Tel.  678-553-2182
msheldon@kramerlevin.com
1177 Avenue of the Americas
New York, NY 10036
Tel.:  212-715-9913

*Attorneys for Defendant M. Faris*


KRAMER LEVIN NAFTALIS & FRANKEL, LLP     GREENBERG TRAURIG, LLP
Jason M. Moff                                       Natasha L. Wilson
jmoff@kramerlevin.com                  wilsonn@gtlaw.com
John P. Coffey                                Terminus 200
scoffey@kramerlevin.com               3333 Piedmont Road
Jonathan M. Wagner                     Suite 2500
jwagner@kramerlevin.com             Atlanta, GA 30305
Marjorie E. Sheldon                     Tel.  678-553-2182
msheldon@kramerlevin.com
1177 Avenue of the Americas
New York, NY 10036
Tel.:  212-715-9913

3

*Attorneys for Defendant Ocwen Financial Corporation*

| | |
|---|---|
| KRAMER LEVIN NAFTALIS & FRANKEL, LLP | GREENBERG TRAURIG, LLP |
| Jason M. Moff | Natasha L. Wilson |
| jmoff@kramerlevin.com | wilsonn@gtlaw.com |
| John P. Coffey | Terminus 200 |
| scoffey@kramerlevin.com | 3333 Piedmont Road |
| Jonathan M. Wagner | Suite 2500 |
| jwagner@kramerlevin.com | Atlanta, GA 30305 |
| Marjorie E. Sheldon | Tel.  678-553-2182 |
| msheldon@kramerlevin.com | |
| 1177 Avenue of the Americas | |
| New York, NY 10036 | |
| Tel.:  212-715-9913 | |

*Attorneys for Defendant John V. Britti*

| | |
|---|---|
| KING & SPALDING, LLP | COFFEY BURLINGTON, P.L. |
| Benjamin Lee | Jeffrey Bruce Crockett |
| blee@kslaw.com | jcrockett@coffeyburlington.com |
| Michael R. Smith | 2601 South Bayshore Drive |
| mrsmith@kslaw.com | Penthouse |
| Darren A. Shuler | Miami, FL 33133 |
| dshuler@kslaw.com | Tel. 305-858-2900 |
| 1180 Peachtree Street, NE | Fax: 305-858-5261 |
| Atlanta, GA | |
| Tel. 404-572-4600 | |

*Attorneys for Defendant Altisource Portfolio Solutions, S.A.*

| | |
|---|---|
| COFFEY BURLINGTON, P.L. | MAYER BROWN, LLP |
| Jeffrey Bruce Crockett | Joseph De Simone |
| jcrockett@coffeyburlington.com | jdesimone@mayerbrown.com |
| 2601 South Bayshore Drive | 1221 Aveue of the Americas |
| Penthouse | New York, NY 10020-1001 |
| Miami, FL 33133 | Tel.  212-506-2559 |
| Tel. 305-858-2900 | |
| Fax: 305-858-5261 | |

MAYER BROWN, LLP
Matthew D. Ingber
mingber@mayerbrown.com
Niketa K. Patel
npatel@mayerbrown.com
1221 Avenue of the Americas
New York, NY 10020
Tel.  212-506-2373

*Attorneys for Defendant Altisource Residential Corporation*

WEIL GOTSHAL & MANGES
Edward Soto
edward.soto@weil.com
1395 Brickell Avenue
Suite 1200
Miami, FL 33131
Tel 305-577-3177
Fax: 374-7159

*Attorneys for Defendant Home Loan Servicing Solutions*

GOMM & SMITH
Rodney Quinn Smith , II
quinn.smith@gommsmith.com
175 SW 7th Street
Suite 2110
Miami, FL 33130
Tel.  305-856-7723
Fax: 786-220-8256

*Attorneys for Defendant WL Ross & Co. LLC*

WEIL GOTSHAL & MANGES, LLP
David J. Lender
david.lender@weil.com
Kevin Meade
kevin.meade@weil.com
767 5th Avenue
New York, NY 10153-0119
Tel. 212-310-8153
Fax: 310-8007

GOMM & SMITH
Rodney Quinn Smith
quinn.smith@gommsmith.com
Katherine Alena Sanoja
6atherine.sanoja@gommsmith.com
175 SW 7th Street, Suite 2110
Miami, Florida 33130
Tel. (305) 856-7723
Fax: (786) 220-8265

*Attorneys for Defendants WLR Recovery Fund III, L.P.*
*WLR Recovery Fund IV, L.P.; WLR/GS Master Co-Investment, L.P; WLR AHM Co-Invest,*
*L.P.; and WLR IV Parallel ESC, L.P.*

KING & SPALDING, LLP
Darren A. Shuler
dshuler@kslaw.com
1180 Peachtree Street, NE
Atlanta, GA
Tel. 404-572-4600

*Attorneys for Beltline Road Insurance Agency, Inc.*

7132879-2